## Case No. 17,701.

### In re WILLIAMS.

[5 Law Rep. 155; 1 Pa. Law J. 212.]

Circuit Court, D. Massachusetts. June 11, 1842.

BANKRUPTCY — ALLOWANCES TO BANKRUPT — DISCRETION OF ASSIGNEE.

[1. The provision in the third section of the act of 1841, that the articles set aside to the bankrupt by the assignee shall not, in any case, exceed in value $300, does not entitle the bankrupt in every case to an exemption of that amount. On the contrary, it is a limitation merely, and the amount allowed may vary, according to circumstances, from a very small amount up to the full sum, having reference to the family, circumstances, and condition of the bankrupt.]

[Cited in Carr v. Gale, Case No. 2,434.]

[2. The words "other articles and necessaries" are to be construed as permitting the allowance of necessary articles only.]

[3. A clock and silver watch are not such furniture, articles, or necessaries as the assignee may, in his discretion, allow to the bankrupt. Silver spoons and a cow may, or may not, be necessaries, according to circumstances.]

In bankruptcy. This case was certified into the circuit court of this district. The petition was as follows: "Respectfully represents Ziba Williams, of Cambridge, in the county of Middlesex, and district aforesaid, who has been declared a bankrupt: That the assignee of the estate of your petitioner claims to retain, out of the property specified in Schedule B, annexed to his petition, the following articles of property, namely: One clock; one set of silver tea spoons; one silver table spoon; one silver watch; one cow, —all of the estimated value of thirty-three dollars. And also all the goods in the shop in Merrimac street, in Boston, occupied by your petitioner, including the shop furniture, estimated at $146.78. And that the allowance made to your petitioner, except wearing apparel, amounts only to the estimated value of $74.75. And your petitioner excepts to the determination of the said assignee, and prays that your honor will direct him to set apart to your petitioner the said clock, spoons, watch, cow and all of the said property in said shop, inasmuch as the whole estimated

value of all the property specified in said Schedule B, deducting therefrom the wearing apparel, and notes and accounts due, amounts to less than the sum of $300."

The district judge ordered the following question to be adjourned into the circuit court, to be there heard and determined, namely: "Whether all, or any, and which of the articles of property, which the assignee has refused to allow the said bankrupt, and to which refusal the said Williams has excepted, as set forth in the return of the assignee, and the petition of the said Williams, are such furniture, articles or necessaries, as the assignee may, in his discretion, allow to the bankrupt." [Case unreported.]

P. W. Chandler, for bankrupt.

No counsel appearing for the assignee.

STORY, Circuit Justice. The third section of the bankrupt act of 1841, c. 9 [5 Stat. 440], vests in the assignee all the property, and rights of property of the bankrupt, except such as is therein excepted; and the exception is contained in the following proviso: "Provided, however, that there shall be excepted from the operation of the provisions of this section the necessary household and kitchen furniture, and such other articles and necessaries of such bankrupt, as the said assignee shall designate and set apart, having reference in the amount to the family, condition, and circumstances of the bankrupt; but altogether not to exceed in value, in any case, the sum of three hundred dollars; and also the wearing apparel of such bankrupt, and that of his wife and children; and the determination of the assignee in the matter shall, on exception taken, be subject to the final decision of the court." In the present case the whole household and kitchen furniture of the bankrupt is estimated at $78.75, and the provisions and fuel at $9; and all the other property of the bankrupt, in his store, at $146.78. The assignee insists upon retaining from the bankrupt all the goods in his store, $146.78; and a clock, a set of silver tea-spoons, one silver table spoon, one silver watch, and one cow, the value of all which is $33. The bankrupt insists, that he ought to have all the furniture and other articles above named, and also all the goods in his store, ($146.78,) inasmuch as the whole will not amount in value to the sum of $300. From the schedule it does not appear, that the bankrupt possesses any other property, except debts and securities of the nominal value of $1,122.61; but in reality of little or no intrinsic value.

No particular facts are alleged in the present petition, to establish, that the allowance actually made by the assignee is not reasonable and suitable, with reference to the family, condition, and circumstances of the bankrupt. And, certainly, the court may well deem it to be reasonable and suitable,

until the contrary is shown by some appropriate facts and proofs. The ground of the petition seems to be, that, in all cases whatsoever, the bankrupt is entitled to have the sum of three hundred dollars allowed him under the proviso, if he has so much property, as assets, in the hands of the assignee. Now, if this is the ground of the present application, I am clearly of opinion, that it is unmaintainable upon the words, as well as the true object and intent, of the proviso. The words import a limitation upon the amount to be allowed to him. It is in no case to exceed the sum of $300; but it may be below that, and vary, according to the circumstances of particular cases. from a very small allowance up to the full sum. having reference in the amount to the family, condition, and circumstances of the bankrupt. Suppose the bankrupt is a single man, without any family, it would surely be unreasonable to allow him as large a sum, as if he had a wife, or a wife and children. If he had five children. all whom were infants, and living with him, it might be reasonable to allow him a large sum. when it would be improper to do so. if they were all full grown, and capable of earning their own livelihood, and engaged in pursuits. which would enable them at once to do so. If the bankrupt were old and decrepid, or his family feeble and sickly, it might be entirely proper to make a liberal allowance, keeping in view his condition, when a far less allowance might suffice, where he and his family might at once engage again in lucrative pursuits.

But this is not all. The language of the act does not justify an allowance, except for necessaries, namely, "for necessary household and kitchen furniture, and other articles and necessaries." Now, I am far from thinking. that a close. or severe, or strict interpretation is to be given to these words. I think. that they should be treated liberally. and to some extent in the same manner. as the common law treats the question of necessaries in relation to infants. as in a great measure to be regulated by their wants. their means, and their condition. But, then. it should be remembered. that in the case of infants we are dealing with contracts and property, in which they have the deepest interest, and that they have the entire benefit thereof. But in cases of bankruptcy the creditors also have rights and interests, equally entitled to protection and aid. It seems scarcely just to them to press the allowance to any great extent. where the assets are small; and especially where it will absorb the whole, or a very large portion thereof. The sum of three hundred dollars is the largest amount, which can be given in the most pressing and distressing cases, even where the assets are very large. It surely could not have been the intention of the statute to strike a dead level, and make the allowance the same in all cases. The very words of the clause forbid

it; and the very object of it seems equally inconsistent with such a result.

Besides, the language is, that "necessaries" are to be allowed; and although the words "other articles" precede that word; yet we must, upon the obvious principles of construction, limit the "other articles" to such as are necessaries—ejusdem generis. Now, certainly, a clock, or a silver watch, cannot justly be deemed necessaries in cases of this sort. Silver spoons may, or may not, be necessaries, according to circumstances. But here the assignee has left with the bankrupt, as a part of his allowance, a plated set of spoons; and there is nothing in the petition to show that these are not amply sufficient for the purposes of the family. A cow, also, may or may not fall within the description of necessaries, according to circumstances. If the party has a large family, it may be fit to make such an allowance. If he has none, it may be unfit, especially if he does not reside in the country. But here, again, there is nothing to assist the court in coming to a decision. No facts are stated to show, that in this particular case the allowance would be reasonable.

I shall send a certificate to the district court upon the adjourned question, to the following effect: That a clock and a silver watch are not such furniture, articles, or necessaries, as the assignee may, under the proviso of the third section of the bankrupt act of 1841, in his discretion, allow to the bankrupt; that the silver spoons, and the cow may or may not be necessaries, within the meaning of the same proviso, according to circumstances; that the assignee is not bound, as a matter of right, on the part of the bankrupt, or of duty on his own part, to include them in the allowance to the bankrupt. But he may in his discretion allow them, if, having reference to the family, conditions, and circumstances of the bankrupt, they may reasonably be deemed to be necessaries.